235 N.J. Super. 407 (1989)
563 A.2d 50
FRANCISCO DEFIGUEIREDO AND ROSA ANA DEFIGUEIREDO, PLAINTIFFS-APPELLANTS,
v.
U.S. METALS REFINING CO., USMR AMAX INC. AND AMAX BASE RESEARCH AND DEVELOPMENT, DEFENDANTS-RESPONDENTS.
GERARD BRIGNOLLE AND THEONNE BRIGNOLLE, PLAINTIFFS-APPELLANTS,
v.
U.S. METALS REFINING CO., USMR AMAX INC., AMAX BASE RESEARCH AND DEVELOPMENT AND AMAX METALS GROUP AND JOHN DOE AND JANE DOE, A PERSON, FIRM OR ENTITY WHOSE IDENTITY IS UNKNOWN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1989.
Decided May 15, 1989.
*408 Before Judges LONG, MUIR, Jr. and KEEFE.
Harvey L. Weiss argued the cause for appellants (Stern & Weiss, attorneys; Harvey L. Weiss, on the brief).
Gerard P. DeVeaux argued the cause for respondents (Kenneth J. Fost, attorney; Gerard P. DeVeaux, on the brief).
PER CURIAM.
Plaintiffs Francisco DeFigueiredo and Gerard Brignolle filed complaints against defendants U.S. Metals Refining Co., USMR AMAX Inc., AMAX Base Research and Development and AMAX Metals Group, alleging that they were injured as a result of defendants' negligent operation and maintenance of the premises on which they operate the smelting and refining business in which plaintiffs are employed. The trial judge ruled that Worker's Compensation is the exclusive remedy available to plaintiffs and that the dual capacity doctrine must be rejected in this context. Accordingly, he granted summary judgment dismissing plaintiffs' negligence actions. We agree with this disposition. While the dual capacity doctrine may have viability in some circumstances, it is clearly inapplicable here, where the employee is injured during the course of his employment on the premises of his employer. We thus affirm *409 substantially for the reasons expressed by Judge Menza in his thoughtful opinion of August 5, 1988. 235 N.J. Super. 458.