273 N.J. Super. 613 (1994)
642 A.2d 1072
ADELLE PETROCCO AND RONALD PETROCCO, PLAINTIFFS,
v.
AT & T TELETYPE, INC., STEELCASE, INC., VALENTINE'S INC., ABC, INC., DEF, INC. AND XYZ, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County.
February 4, 1994.
*614 Bruce Fromer, (Nelson & Fromer attorneys) for plaintiffs.
Andrew Fishkin, (Edwards & Angell attorneys) for defendant American Telephone and Telegraph Company, successor in interest to AT & T Teletype, Inc.
MARK A. SULLIVAN, JR., J.S.C.
Plaintiff Adelle Petrocco sues, among others, defendant AT & T Teletype for injuries received in the workplace while in the employment of American Telephone and Telegraph Company. The defendant AT & T Teletype was at one time a separate corporation from the employer. The two companies merged into American Telephone and Telegraph on December 31, 1989. The date of merger was prior to plaintiff's injuries which developed between June 1990 and August 1991. The Complaint alleges product liability in that a keyboard, on which plaintiff worked, which was manufactured by defendant AT & T Teletype, was defective. This allegedly defective keyboard, however, was manufactured before the merger referred to above.
Defendant AT & T Teletype, Inc. moves for summary judgment under the exclusive remedy provision of the Workers' Compensation Act, N.J.S.A. 34:15-8, in that, at the time of the injury, it was one and the same with plaintiff's employer, as the two corporations had merged. The statute provides:
"Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee and for compensation for the employee's death shall bind *615 the employee's personal representatives, surviving spouse and next of kin, as well as the employer, and those conducting the employer's business during bankruptcy or insolvency."
Essentially what that means is that an employee's only remedy against his employer for a work related accident is workers' compensation; tort suits, such as this, are therefore barred against the employer. Plaintiff did receive workers' compensation benefits from American Telephone and Telegraph.
In opposition to defendant's motion plaintiff raises arguments under the Dual Capacity Doctrine. That theory, where applied, holds that, workers' compensation notwithstanding, an employee may sue his employer in tort for injuries resulting from a breach of duty owed by the employer to the employee separate from the duty arising out of the employer-employee relationship. In Guy v. Arthur H. Thomas Co. 55 Ohio St.2d 183, 378 N.E.2d 488 (1978) the court held that a hospital employee was not barred from suing his employer hospital for medical malpractice. Plaintiff in this case cites the New York Court of Appeals decision in Billy v. Consolidated Machine Tool Corp., 51 N.Y.2d 152, 432 N.Y.S.2d 879, 412 N.E.2d 934 (1980) reargument den., 52 N.Y.2d 829, 437 N.Y.S.2d 1030, 418 N.E.2d 694 (1980.) That case, like the present one, dealt not only with the dual capacity of employer as opposed to manufacturer of the allegedly defective product, but also with the corporate merger of the employer and the manufacturer, which were once separate corporations. In that case the court concluded at 156, 432 N.Y.S.2d 879, 412 N.E.2d 934:
"(W)e conclude that ... the exclusivity provisions of that Statute do not bar a common law action against the employer for injuries sustained in the course of his employment ... (where) the employer's liability, if any, is alleged to have risen solely from its independent assumption, by contract or operation of law, of the obligations and liabilities of a third-party tort-feasor."
The dual capacity doctrine has not found favor in this State. In Doe v. St. Michael's Medical Center, 184 N.J. Super. 1, 8, 445 A.2d 40 (App.Div. 1982), the Appellate Division, in barring a hospital employee, who lived on the hospital grounds, from suing the hospital as a landlord, held:

*616 "We reject plaintiff's contentions that her alleged status as a tenant allowed her to circumvent the policy of exclusive remedy. Plaintiff essentially argues for a cause of action under the `dual capacity' doctrine, where `an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.' 2A Larson, Workers' Compensation Law, § 72.80 at 14-112 (1976). The dual capacity issue has most frequently arisen when the employer's second capacity is that of an owner. 2A Larson, op. cit., § 72.80 at 14-113. In this context Larson states that `it can at least be argued that the liability of the owner of land is different from that of an employer working on the premises. The legal doctrines governing the responsibilities of landowners to different classes of persons entering upon the land are ancient and distinctive ...' 2A Larson, op. cit., § 72.80 at 14-117. However, the dual capacity doctrine has not met with wide approval, even when the employer clearly has independent obligations arising from his status as owner. See Id., § 72.80 at 14-113 to 14-117 and Supp. (1981) at 194-201."
More recently the Appellate Division held in DeFigueiredo v. U.S. Metals Refining Co. 235 N.J. Super. 407, 563 A.2d 50 (App.Div. 1989) that
While the dual capacity doctrine may have viability in some circumstances, it is clearly inapplicable here, where the employee is injured during the course of his employment on the premises of the employer. [at 407-8, 563 A.2d 50]
What sets this case apart from both Doe and DeFigueiredo is that fact that here we are dealing not with the dual capacity of one corporation but with the merger of formerly separate corporations, each of which acted in a different capacity. In that respect the facts of this case are much closer to those faced by the New York Court of Appeals in Billy v. Consolidated Machine Tool Corp., supra. To allow the defendant to hide behind the exclusive remedy provision in this situation would effectively allow a manufacturer who had already put defective products into the stream of commerce to shield itself from injuries those products may later cause by virtue of subsequently entering into a business transaction with someone other than the injured party. The exclusive remedy provision of the Worker's Compensation Act was not intended to immunize a third-party manufacturer in such a situation. As stated in Billy v. Consolidated Mach. Tool Corp., supra, 51 N.Y.2d at 160, 432 N.Y.S.2d 879, 412 N.E.2d 934, claims of this nature, "(stand) on a somewhat different footing" than traditional *617 dual capacity claims. The motion for summary judgment is denied.